**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000805
22-APR-2024
07:56 AM
Dkt. 81 SO**

NO. CAAP-17-0000805

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

COMMITTEE FOR RESPONSIBLE LIQUOR CONTROL and
MADGE SCHAEFER, Plaintiffs-Appellants,
v.
LIQUOR CONTROL COMMISSION; DIRECTOR OF THE
DEPARTMENT OF LIQUOR CONTROL; and the COUNTY OF MAUI,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC171000185)

### SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Plaintiffs-Appellants, Committee for Responsible

Liquor Control and Madge Schaefer (collectively, **Appellants**),

appeal from the Final Judgment, filed October 17, 2017, by the

Circuit Court of the Second Circuit (**circuit court**).[1]  The Final

Judgment was entered pursuant to the circuit court's Order

---

[1]     The Honorable Rhonda I.L. Loo presided.

Denying Plaintiffs' Motion for Summary Judgment and Granting Defendants' Motion for Judgment on the Pleadings (**Order Granting Motion**), filed September 19, 2017.

In this case, Appellants challenge the adoption of amendments to the Rules Governing the Manufacture and Sale of Intoxicating Liquor of the County of Maui (**Commission Rules**) in 2017, by Defendants-Appellees Liquor Control Commission (**Commission**), Director of the Department of Liquor Control (**Director**), and the County of Maui (**County**) (collectively, **Appellees**). Appellants' Amended Complaint contends that the Commission violated the Sunshine Law notice requirements set forth in Hawaii Revised Statutes (**HRS**) § 92-7 (2012 and 2015 Supp.), and the Hawaiʻi Administrative Procedure Act rule making requirements set forth in HRS chapter 91.

On appeal, Appellants contend that the circuit court erred in concluding: (1) the Commission gave sufficient notice of a public meeting, pursuant to HRS § 92-7, to review proposed rule amendments; (2) Appellants claims were mooted by the Commission's repeal of the challenged rule amendments; (3) the County was not "engaging in rulemaking" by implementing "full criminal background checks before issuing Class Ten special licenses"; and (4) therefore, Appellees were entitled to judgment on the pleadings, and Appellants were not entitled to summary judgment.

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Appellants' points of error as follows:

(1) We first address the issue of mootness.[2] In their Amended Complaint, Appellants contended that the Commission's notice of its February 8, 2017 meeting (**February meeting**) was not sufficient to comply with HRS § 92-7. The circuit court determined that this issue was moot because Appellants were challenging three specific rule amendments that were subject to controversy and later repealed by the Commission.[3]

Appellants contend the circuit court misunderstood their complaint as only challenging the three controversial rules when they actually sought to invalidate "all the improperly adopted rule changes" on the February meeting agenda. We agree. Because Appellants' Amended Complaint appears to challenge all of the rule changes, including those rule changes that were not repealed, this issue is not moot.

---

[2] We review Appellants' points of error nos. 1 and 2 out of order to first address the circuit court's mootness ruling.

[3] At the outset, we note that mootness is an issue of justiciability. State v. Hewitt, 153 Hawaiʻi 33, 42, 526 P.3d 558, 567 (2023), as corrected (May 18, 2023), recon. denied, No. SCWC-16-0000460, 2023 WL 2706695 (Haw. Mar. 30, 2023).

(2) Appellants contend the circuit court erred by determining that the Commission's notice of its February meeting was sufficient under HRS § 92-7. The record reflects that, on January 6, 2017, the Commission published a Notice of Public Hearing (**January notice**) in The Maui News to "amend[] certain sections and subsections of the [Commission Rules]" at the February meeting. On February 1, 2017, the Commission published an agenda for the February meeting (**February agenda**).

A meeting agenda simultaneously satisfies HRS § 92-7's written notice requirement if it describes the proposed rules, and states where the proposed rules can be found pursuant to HRS § 91-2.6 (2012). HRS § 92-7.[4] When interpreting a statute,

---

[4]     HRS § 92-7 states, in pertinent part,

> (a) The board shall give written public notice of any regular, special, or rescheduled meeting, or any executive meeting when anticipated in advance. The <u>notice shall include an agenda which lists all of the items to be considered at the forthcoming meeting, the date, time, and place of the meeting</u>[.] . . . <u>If an item to be considered is the proposed adoption, amendment, or repeal of administrative rules, an agenda meets the requirements for public notice pursuant to this section if it contains a statement on the topic of the proposed rules or a general description of the subjects involved, as described in section 91-3(a)(1)(A), and a statement of when and where the proposed rules may be viewed in person and on the Internet as provided in section 91-2.6.</u> The means specified by this section shall be the only means required for giving notice under this part notwithstanding any law to the contrary.
>
> (b) <u>The board shall file the notice in</u> the office of the lieutenant governor or <u>the appropriate county clerk's office</u>, and in the board's office for public inspection, at least six calendar days before the meeting.

(Emphasis added).

"[o]ur foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself." Castro v. Melchor, 142 Hawaiʻi 1, 11, 414 P.3d 53, 63 (2018) (citations omitted).

On this record, we conclude that the February agenda failed to provide a "statement of when and where the proposed rules may be viewed in person and on the Internet as provided in section 91-2.6." Thus, the February agenda did not satisfy HRS § 92-7's notice requirement. Further, the January notice did not provide sufficient notice because it neither included an agenda nor was it filed with the county clerk. Therefore, the circuit court erred in concluding that notice for the February meeting complied with HRS § 92-7.

In light of our conclusion that Appellants' Amended Complaint challenged all the rule amendments adopted at the Commission's February 8, 2017 meeting, including those that were not repealed, and our determination that the Commission did not satisfy notice requirements pursuant to HRS § 92-7, we remand the case for the circuit court to address the validity of these rule amendments.

(3) Appellants contend that the circuit court erred in concluding that "the County's implementation of full criminal background checks before issuing Class Ten special licenses is

5

within its authority under HRS §281-53.5(a); and the County was not engaging in rulemaking governed under HRS § 91-3 and subject to Sunshine Law notice requirements, 'but rather determining methods of enforcing a preexisting agency rule.'"[5]  Appellants further contend that "[t]he circuit court clearly erred because it is precisely because the County *has the discretion* to require criminal background checks for Class 10 Special License that its new policy was [a rule.]"  (Emphasis in original).  Appellants request that this court "invalidate the new [2017] practices and policies that interpret and implement the application process and licensing process for Class 10 Special Licenses[.]"

In July 2018, after the opening and answering briefs were filed, two statutory amendments, to HRS §§ 281-31(j)[6] and

---

[5]      Appellants assert that, prior to 2017, the Commission did not require applicants of Class 10 special licenses "for the sale of liquor for a period not to exceed three days[,]" and "for the purpose of fundraising events by nonprofit organizations[,]" to comply with criminal background checks pursuant to HRS § 281-53.5(a) (2007).  HRS § 281-31 (2017 Supp.).  Thus, Appellants allege that the Commission's implementation, in 2017, of criminal background checks with regard to Class 10 license applicants constitutes an invalid rule amendment under HRS chapter 91.

[6]      HRS § 281-31(j) was renumbered and amended to add subsection (2) as follows,

>     (j) Class 10. Special license.
>
>          . . . .
>
>     (2)   Notwithstanding any other section of this chapter to the contrary, the commission shall waive any hearings, fees, notarization of documents, submission of floor plans and other governmental clearances, and other requirements for the issuance of a class 10 license.  The class 10 license granted under this subsection for a fundraising event shall include the

(continued . . .)

281-32[7] respectively, were signed into law. These statutory amendments provide, in relevant part and by their plain language, that "[n]o criminal history record check under section 281-53.5 or 846-2.7 or any other section of this chapter shall be required."

---

[6](...continued)

> ability to auction off, at a live or silent auction, liquor in sealed or covered glass, ceramic, or metal containers or services that provide liquor. **No criminal history record check under section 281-53.5 or 846-2.7 or any other section of this chapter shall be required.** The commission may require proof of liquor liability insurance for the fundraising event and a current list of officers and directors if the applicant is a nonprofit organization.

2018 Haw. Sess. Laws Act 91, § 1 at 441 (codified as amended at HRS § 281-31(j) (2020)) (emphasis added).

[7] HRS § 281-32 was amended, in pertinent part, to provide:

> . . . .

> (b) Notwithstanding any other law to the contrary, the commission shall reduce submission requirements, including the waiving of hearings, fees, notarization of documents, submission of floor plans, and other requirements, to provide for the issuance of temporary licenses for the sale of liquor for a period not to exceed one day for fundraising events by nonprofit organizations. . . . **No criminal history record checks under section 281-53.5 shall be required; provided that the commission may require a background check on the executive director of the nonprofit organization.**

> For purposes of this subsection, "nonprofit organization" means those charitable organizations recognized under state or federal law and exempt from federal taxes under section 501(c)(3) of the Internal Revenue Code.

> (c) The commission may adopt rules to implement this section.

2018 Haw. Sess. Laws Act 92, § 1 at 442-43 (codified as amended at HRS § 281-82(b) (2020)) (emphasis added).

Moreover, Commission Rule § 08-101-22(j) (2019) was amended in 2019 to provide, consistent with the above statutory amendments, that with respect to Class 10 special licenses,

> Notwithstanding any other section of chapter 281, HRS, to the contrary, the commission shall waive any hearings, fees, notarization of documents, submission of floor plans and other requirements for the issuance of a class 10 license.
>
> . . . .
>
> **No background check under section 846-2.7, section 281-53.5, HRS, or any other section of chapter 281, HRS shall be required.** The applicant shall provide a current list of officers and directors, if the applicant is a nonprofit organization. Unless waived by the commission, proof of liquor liability insurance shall be required.

Commission Rule § 08-101-22(j)(5) (emphasis added).

Given the statutory and rule amendments set forth above, this court is not able to provide the effective relief that Appellants request in their opening brief.[8] We dismiss Appellant's point of error no. 3 as moot. Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 5, 193 P.3d 839, 843 (2008) ("The [mootness] doctrine seems appropriate where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal―adverse interest and effective remedy―have been compromised.") (cleaned up).

---

[8] This Court ordered supplemental briefing as to whether, given the statutory and rule amendments, which the parties had not previously addressed, this Court could effectively grant the relief that Appellants seek with regard to point of error no. 3. Appellees contend that point of error no. 3 is moot. Appellants disagree. We conclude that point of error no. 3 is moot for the reasons discussed herein.

For the foregoing reasons, we dismiss Appellant's point of error no. 3 as moot, and vacate in part the circuit court's Order Granting Motion, filed September 19, 2017, and Final Judgment, entered October 17, 2017.  We remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, April 22, 2024.

On the briefs:

Lance D. Collins,
for Plaintiffs-Appellants.

Kristin K. Tarnstrom,
Deputy Corporation Counsel,
County of Maui,
for Defendants-Appellees.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge